## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4580 | **DATE** | 8/18/08 |
| **CASE TITLE** | Amador Hernandez (#22382-424) vs. M. Lia Posada, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $23.00 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Metropolitan Correctional Center. The clerk is directed to issue summons for service on defendant Posada by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for appointment of counsel [#4] is denied, without prejudice. Status hearing set for 10/23/08 at 9:30 a.m.

■ **[For further details see text below.]**                                                                                           Docketing to mail notices.

### STATEMENT

The plaintiff, a federal prisoner, has brought this *pro se* civil rights action pursuant to 28 U.S.C. § 1331. The plaintiff claims that the defendants, F.B.I. agents, violated the plaintiff's constitutional rights by conducting a warrantless and unnecessarily destructive search, and by delaying access to needed medical care following the plaintiff's arrest.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $23.00. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated colorable federal causes of action.

It should nevertheless be noted that the complaint appears to be time-barred. There is a two-year statute of limitations for "*Bivens*" actions under 28 U.S.C. § 1331. *Perry v. Dorger*, No. 04 C 4102, 2005 WL 2387684, *2 (N.D. Ill. Sep. 26, 2005) (Plunkett, J.), *citing Crowder v. True*, 74 F.3d 812, 814 (7th Cir. 1996). In the case at bar, the plaintiff is challenging a search that took place in May 2005, over three years ago. It would thus seem futile to pursue the claims against Posada, let alone to identify the other nineteen, unknown officers who participated in the purportedly illegal search and seizure.

The court additionally questions whether the plaintiff's claim of damaged property belongs in a suit under the Federal Tort Claims Act, with its concomitant exhaustion requirement. See 28 U.S.C. § 2671, *et seq.* However, these are affirmative defenses that must be raised by the defendant. It is not the case that the plaintiff could prove "no set of facts" entitling him to relief under 28 U.S.C. § 1331. Accordingly, the defendant must respond to the complaint.

The clerk shall issue summons forthwith. The United States Marshals Service is appointed to serve defendant Posada. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. If Officer Posada can no longer be found at the work address provided by the plaintiff, the Federal Bureau of Investigation shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendant [or to defense counsel, once an attorney has entered an appearance on the defendant's behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Finally, the plaintiff's motion for appointment of counsel is denied, without prejudice. The plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004)*, citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992).